**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. GIL, | 1:09-cv-01821-DLB (HC) |
|         Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO DISMISS INSTANT PETITION AS DUPLICATIVE OF CASE NUMBER 1:09-cv-01706-MJS (HC) |
|    v. | |
| JAMES A. YATES, | [Doc. 4] |
|         Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on October 16, 2009.  (Court Doc. 1.)  On October 30, 2009, Petitioner filed a motion to dismiss the petition as duplicative.  (Court Doc. 4.)

A review of the Court's docket reflects that on September 28, 2009, Petitioner filed an identical petition in case number 1:09-cv-01706-MJS (HC).  That case is currently pending review by the Court.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."  Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally

1 have 'no right to maintain two separate actions involving the same subject matter at the same
2 time in the same court and against the same defendant.'" <u>Adams</u>, 487 F.3d at 688 (quoting
3 <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. <u>Adams</u>, 487 F.3d at 689. . First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. <u>Id</u>. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." <u>Kourtis v. Cameron</u>, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." <u>Adams</u>, 487 F.3d at 691 (citing <u>Kourtis</u>, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." <u>Adams</u>, 487 F.3d at 691 (quoting <u>Kourtis</u>, 419 F.3d at 996).

Because Petitioner submits that the instant petition is duplicative of the prior petition filed in case number 1:09-cv-01706-MJS (HC), the instant petition is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:    **April 16, 2010**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE